UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

FIELD TURF BUILDERS, LLC,
an Oregon limited liability company;
MARK RYAN,

        Plaintiffs and
        Counterclaim-Defendants,

           Plaintiffs,

        v.

FIELDTURF USA, INC., a Florida
corporation; FIELDTURF TARKETT
USA HOLDINGS, INC., a Delaware
corporation; JOE FIELDS; MICHAEL
MCNEILL,

        Defendants and
        Counterclaim-Plaintiffs.

Civil No. 09-671-HA

ORDER

HAGGERTY, District Judge:

        Defendants have advanced a Motion for Entry of Default [22], asserting that plaintiffs'

response to defendants' counterclaims is untimely. In turn, plaintiffs move to dismiss [24] most

of defendants' counterclaims. These motions are addressed below.

**1.      Motion for Entry of Default**

        Defendants seek a Default Judgment in favor of their counterclaims on grounds that

plaintiffs failed to respond to the counterclaims in a timely manner. This court has examined

counsel's declarations and briefing regarding their communications since this action was filed on

1 -- ORDER

June 16, 2009.  The court concludes that the interests of justice compel denying the motion for default and that, even if default were appropriate, grounds for vacating the default exist. Although plaintiffs' counsel could have been more cooperative regarding defendants' second request to extend the time for filing an Answer, and should have exercised better judgment in seeking their own extensions and conferring with opposing counsel, the record establishes that no serious prejudice against defendants resulted from plaintiffs' conduct.

Defendants were aware that plaintiffs needed additional time to respond to plaintiffs' counterclaims (and in fact advised plaintiffs' counsel to request a greater extension).  Plaintiffs undertook efforts to confer and negotiate the filing of a motion responsive to defendants' counterclaims in good faith.  Defendants' acquiescence to accepting a courtesy draft of plaintiffs' proposed motion to dismiss, and defense counsel's request to be permitted to review the draft over a weekend, presents a dimmer view of defendants' subsequent strategy of filing their default motion on the Friday before that weekend.

Defendants' Motion for Entry of Default must be denied.  Even if default could be warranted under the facts presented, this court would vacate that default.

**2.      Motion to Dismiss Counterclaims**

Accordingly, plaintiffs' Motion to Dismiss Defendants' Answer and Counterclaims [24] is before the court.  Plaintiffs assert that most of defendants' counterclaims fail to adequately state a claim.

Generally, dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is denied "unless it appears beyond doubt that a [claimant] can prove no set of facts in support of his [or her] claim" that would entitle the claimant to relief.  *SmileCare Dental Group*

*v. Delta Dental Plan of Calif., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted).  For the

purposes of resolving a motion to dismiss, the claims must be construed liberally in favor of the

claimant, and the claim's allegations are accepted as true.  *McGary v. City of Portland*, 386 F.3d

1259, 1261 (9th Cir. 2004) (citation omitted).  Accordingly, a motion to dismiss for failure to

state a claim may be granted only if, accepting all well-pled allegations as true and viewing them

in a light most favorable to the claimant, the claimant is not entitled to relief.  *Id.*

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations [to survive], a plaintiff's obligation to provide the grounds of his [or

her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554,

555 (2007) (citations, internal quotation marks omitted).  "Factual allegations must be enough to

raise a right to relief above the speculative level on the assumption that all the allegations in the

complaint are true."  *Id.*  This court's review is limited to the face of the claims at issue,

documents referenced by those claims, and matters of which this court may take judicial notice.

*See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted).

**A.    Counterclaims One and Two**

Plaintiffs move to dismiss Counterclaims One and Two on grounds that defendants fail to

state a claim upon which relief can be granted against plaintiff Mark Ryan, the target of these

counterclaims.  Plaintiffs argue that because Ryan was not a party to the contracts with

defendants, he cannot be held liable for alleged breaches by plaintiffs.  Notwithstanding the fact

that Ryan was not a direct party to any contracts at issue in the counterclaims, this court cannot

at this time say as a matter of law that defendants would be unable to recover damages from him after piercing the corporate veil.

Although plaintiffs remind the court that piercing that veil may be construed as an extraordinary remedy, and that theories of recovery should be scrupulously segregated, these challenges to the counterclaims go toward the alleged substantive merits of the counterclaims. Notwithstanding those challenges, defendants' factual allegations are sufficient to raise a right to relief above the speculative level.

### B.     Counterclaim Four

Plaintiffs move to dismiss Counterclaim Four for misrepresentation on grounds that it is legally insufficient and because it allegedly defies logic.  However, defendants establish that allegations regarding whether plaintiff Mark Ryan concealed material facts are presented sufficiently for Counterclaim Four to survive plaintiffs' dismissal motion.  Plaintiffs' evaluation of the logic of this counterclaim provides no basis for dismissal at this stage.

### C.     Counterclaim Five

Plaintiffs move to dismiss Counterclaim Five, which advances a tort claim for extortion under Oregon law.  "It is entirely unclear that a civil action for extortion is recognized by the Oregon courts."  *May Trucking Co. v. Andrus Transp. Services, Inc.*, Civil No. 05-716-TC, 2006 WL 1720536, *3 (D. Or. 2006).  The question remains unclear after scrutinizing the parties' briefing.  Defendants' interpretations of the reasoning in the *May Trucking - Andrus* court and the decisions therein are insufficient to persuade the court to declare conclusively that an extortion tort exists in Oregon.  However, based upon the few decisions relevant to the question, and the view of defendants' facts when evaluated favorably to defendants, this court must conclude that

4 -- ORDER

the high standards required for dismissal of this claim are not yet met.  Plaintiffs may renew

challenges to Counterclaim Five after discovery is undertaken to ascertain whether – even if the

tort of extortion is viable in Oregon – defendants can demonstrate the existence of recoverable

damages.

### D.      Counterclaims Six through Nine

Plaintiffs' challenge to Counterclaims Six through Nine questions whether defendants

should be permitted to bring the derivative claims presented in these counterclaims under

Federal Rule of Civil Procedure 23.1.  The parties acknowledge that the burden is on the parties

opposing the derivative action (here, plaintiffs) to show that the parties asserting the derivative

action (defendants) are inadequate representatives.  *Guenther v. Pacific Telecom, Inc.*, 123

F.R.D. 341, 344 (D. Or. 1987).

For the purposes of Rule 23.1, "[a]n adequate representative must have the capacity to

vigorously and conscientiously prosecute a derivative suit and be free from economic interests

that are antagonistic to the interests of the class."  *Larson v. Dumke*, 900 F.2d 1363, 1367 (9th

Cir. 1990).

Factors to be considered in determining the adequacy of representation in a derivative

suit include: (1) indications that the party advancing the derivative claims is not the true party in

interest, (2) the claimant's unfamiliarity with the litigation and unwillingness to learn about the

suit, (3) the degree of control exercised by the attorney over the litigation, (4) the degree of

support received by the claimant from the other shareholders, (5) the lack of any personal

commitment to the action on the part of the representative claimant, (6) the remedy sought by the

claimant in the derivative action, (7) the relative magnitude of the claimant's personal interests as

5 -- ORDER

compared to the derivative action itself, and (8) the claimant's vindictiveness toward the opposing party. *Id*. These factors may be intertwined. *Id*.

Plaintiffs initiated the present action. Defendants have responded out of apparent self interest, and may not be the true party in interest for derivative claims on behalf of plaintiffs' shareholders. It also appears that defendants seek to recover damages from plaintiff Field Turf Builders, LLC, and may not reasonably be viewed as acting now to protect the interests of that entity. Defendants' vindictiveness toward plaintiffs appears to be palpable, as well.

However, there is no *per se* rule precluding shareholders from simultaneously bringing both direct and derivative actions. *Natomas Gardens Investment Group LLC v. Sinadinos*, No. Civ. S-08-2308 FCD/KJM, 2009 WL 1363382, *15 (E.D. Cal. 2009) (quotations and citations omitted). The *Natomas* court encouraged courts to consider "outside entanglements making it likely that the interests of the other shareholders will be disregarded in the management of the suit." *Id*. at *15-16. Conflicts of interest, including a private cause of action against the corporation, must be considered. Courts should look behind "the surface duality of the two types of actions and allow them to proceed together unless an actual conflict emerges." *Id*. at *15 (citations omitted).

Although the question is close, evidence of an actual conflict has yet to emerge. Accordingly, at this time, defendants' efforts to simultaneously bring both direct and derivative actions survive plaintiffs' motion to dismiss. When viewing the facts in a light favorable to the counterclaimants, those claimants appear to be the only parties who would not have benefitted from plaintiffs' alleged unlawful conduct. *Id*. at *16. As the *Natomas* court reasoned, "as the only shareholders who allegedly did not benefit from [the opposing parties'] alleged unlawful

conduct, [claimants] are not only uniquely situated to bring their derivative claim, but are also the only shareholders willing to seek relief on behalf of the allegedly harmed companies." *Id*. at *16. The court reasoned that consideration of "outside entanglements" is contingent upon the existence of other innocent shareholders. *Id*. at *16-17. In the apparent absence of other "innocent" shareholders, defendants' outside entanglements – including their direct suit – is less significant in the evaluation of the propriety of defendants' attempt to bring derivative claims. For the time being, this court is compelled to permit Counterclaims Six through Nine to go forward. Plaintiffs may renew challenges to these counterclaims if further discovery so warrants.

**CONCLUSION**

Defendants' Motion for Entry of Default [22] is denied. Plaintiffs' Motion to Dismiss Defendants' Counterclaims [24] is denied.

IS SO ORDERED.

DATED this _4_ day of March, 2010.

_____/s/ Ancer L. Haggerty_____
Ancer L. Haggerty
United States District Judge