S. Ward Greene, OSB #77413
E-mail: ward.greene@greenemarkley.com
Charles R. Markley, OSB #75240
E-mail: charles.markley@greenemarkley.com
Sean C. Currie, OSB #08297
E-mail: sean.currie@greenemarkley.com
Greene & Markley, P.C.
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434
        Attorneys for Plaintiffs and Counterclaim-Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

**FIELD TURF BUILDERS, LLC**, an Oregon limited liability company; **MARK RYAN**,

     Plaintiffs/Counterclaim-Defendants,

        v.

**FIELDTURF USA, INC.**, a Florida corporation; **FIELDTURF TARKETT USA HOLDINGS, INC.**, a foreign corporation; **JOE FIELDS**; **MICHAEL MCNEIL**,

     Defendants.
_____

**FIELDTURF USA, INC.**, a Florida corporation,

     Counterclaim-Plaintiff,

        v.

**CRYSTAL RYAN**, **BOECKMAN PROPERTIES, LLC**, an Oregon limited liability company, and **GULF PACIFIC CO.**, an Oregon corporation,

     Additional Counterclaim-Defendants.

No. 09-CV-671-HA

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'/COUNTERCLAIM-DEFENDANTS' MOTION TO COMPEL PRODUCTION**

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

## BACKGROUND

**1.    Assertion of Work Product Privilege.**

On January 20, 2011, plaintiffs served a subpoena commanding Robert L. Carey to attend a deposition and produce documents. Currie Decl., ¶ 2, Ex. 1. On April 11, 2011, defendants produced a privilege log on behalf of Mr. Carey and his law firm, Tonkon Torp, in which defendants listed numerous documents withheld from production on various grounds, including the "work product privilege." Currie Decl., ¶ 4, Ex. 2.

Defendants' privilege log indicates that many of these documents were created prior to March 27, 2009--the date of the defendants' actions giving rise to this litigation. Accordingly, these documents were not prepared "in anticipation of litigation" and are not subject to the work product doctrine. Plaintiffs therefore seek an order from this Court compelling production of the following documents identified in defendants' privilege log:

| | |
|---|---|
| TT000131 | TT000697 |
| TT000228 | TT000699 |
| TT000242-TT000246 | TT000701-TT000702 |
| TT000292-TT000309 | TT000704 |
| TT000324 | TT000707 |
| TT000328 | TT000812-TT000814 |
| TT000363 | TT000996 |
| TT000533 | TT000999 |
| TT000534-TT000536 | TT001034-TT001035 |
| TT000538-TT000541 | TT001078 |
| TT000549-TT000568 | TT001377 |
| TT000595-TT000598 | TT001423-TT001424 |
| TT000599-TT000605 | TT001433-TT001434 |
| TT000689-TT000693 | TT001702-TT001704 |

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

TT001706                          TT001917-TT001923

TT001708                          TT001924-TT001931

TT001909

TT001912-TT001913


**2.    Identity of Atlas Track & Tennis, Inc. Employees.**

On January 20, 2011, plaintiffs served a subpoena commanding Atlas Track & Tennis, Inc. ("Atlas"), a wholly owned subsidiary of defendants, to produce documents identifying the parties involved in removing equipment from defendants on March 27, 2009. Currie Decl., ¶ 7, Ex. 4. Defendants identified five Atlas employees. Currie Decl., ¶ 8. Defendants later informed plaintiffs that not all of the employees identified were involved. Currie Decl., ¶ 9. Plaintiffs took brief depositions of the two employees who were confirmed to have been involved in the removal of defendants' assets. Currie Decl., ¶ 10. One Atlas employee testified that 12 - 13 others were involved. Currie Decl, ¶ 10, Ex. 5. The other said that 8 - 9 were involved. Currie Decl, ¶ 10, Ex. 6. One of the Atlas employees, Mr. Tucker, further testified that they were told to "hurry up and get this [stuff] out of here... [before the owner returned]." Currie Decl., ¶ 10, Ex. 6.

On January 20, 2011, plaintiffs served a request for production again requesting documents related to the other employees involved in the movement of equipment on March 27, 2009. Currie Decl., ¶ 11, Ex. 7. Defendants responded with time cards for all of Atlas' warehouse workers, approximately forty-five different employees.

Finally, after receiving an inadequate response to these formal and numerous informal requests, defendants suggested that an interrogatory might elicit a more specific response. Currie Decl., ¶ 13. The requested interrogatory was met with an objection. Currie Decl, ¶ 13, Ex. 8. Defendants have still failed to identify the people involved in the removal of assets on March 27, 2009. Currie Decl, ¶ 15, Ex. 9.

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

**EVIDENCE RELIED UPON**

This motion is supported by the Declaration of Sean C. Currie and the exhibits attached thereto.  All exhibits and evidence referenced in this memorandum are attached to that declaration.

**LEGAL STANDARD FOR DISCOVERY**

Plaintiffs are entitled to discovery regarding "any matter, not privileged, which is relevant to the claim or defense of the party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things . . ." Fed. R. Civ. P  26(b)(1).  Fed. R. Civ. P. 26(b) further provides: "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*

The work product doctrine is a "qualified privilege" that protects from discovery "documents and tangible things" prepared by a party or his representative "in anticipation of litigation."  Fed. R. Civ. P. 26(b)(3). *See also United States v. Nobles*, 422 U.S. 225, 237-38, 95 S. Ct. 2160 (1975)(internal quotation marks omitted). The party claiming work product protection bears the burden of establishing that it applies. *Interstate Prod. Credit Assn. v. Fireman's Fund Ins. Co.*, 128 F.R.D. 273, 279 (D. Or. 1989); *United States v. Adlman*, 134 F.3d 1194, 1200 (2nd Cir. 1998).

In the present case, defendants have failed to establish that the documents withheld from production are entitled to work product protection because the documents at issue were not  prepared "in anticipation of litigation." They have similarly failed to identify the actual persons who were involved in the removal of equipment on March 27, 2009 despite numerous formal and informal requests. Accordingly, the Court should order production of the requested documents and order those persons involved in the removal of equipment be made available for depositions.

*/ / /*

**GREENE & MARKLEY, P.C.**
**1515 S.W. Fifth Avenue, Suite 600**
**Portland, OR 97201**
**Telephone: (503) 295-2668**
**Facsimile: (503) 224-8434**

**ARGUMENT**

**1.    The documents withheld by defendants were not prepared "in anticipation of litigation."**

The documents at issue in this motion are not entitled to work product protection because they were created prior to the events that gave rise to plaintiff's claims in this case. Accordingly, these documents were not prepared "in anticipation of litigation," and therefore are not subject to protection from disclosure under the work product doctrine. In order to qualify for protection from disclosure under the work product doctrine, documents must: 1) be "prepared in anticipation of litigation or for trial;" and 2) be prepared "by or for another party or by or for that other party's representative"  *U.S. v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011)

A review of defendant's privilege log indicates that most of the documents withheld on work product grounds were created prior to the events that gave rise to this lawsuit: March 27, 2009. Further, because of the assertion of attorney/client privilege, we have no testimony showing whether defendants requested that its attorneys anticipate litigation. Ultimately, the events giving rise to plaintiffs' claims had not even occurred when most of these documents were created, these documents were not created in "anticipation of litigation." *Interstate Prod. Credit Assn*, 128 F.R.D. at 280.

Moreover, documents prepared in the ordinary course of business, or that would have been created in similar form regardless of whether litigation was ever initiated, are not entitled to work product protection. *See id.* (concluding that reports and accounting records generated by production credit association in regular course of business before learning of former director's falsification of loan documents did not constitute protected work product). The work product doctrine is not intended to protect materials prepared in the ordinary course of business from general discovery.  *Sanders v. Canal Ins. Co.*, 924 F.Supp. 107, 110 (D. Or. 1996). Based on the limited descriptions provided in defendants' privilege log regarding the documents withheld from production, it appears

Page 5 -    **MEMORANDUM IN SUPPORT OF PLAINTIFFS'/COUNTERCLAIM-DEFENDANTS' MOTION TO COMPEL PRODUCTION**

that many of these documents were indeed created in the ordinary course of business. To the extent that the documents withheld by defendants were created in the ordinary course of business, and not in anticipation of litigation, they are not entitled to work product protection. *Id.; see also Umpqua Bank v. First American Title Ins. Co.*, 2011 WL 997212, at *4 (E.D. Cal. 2011).

Defendants may argue that even though some of the documents were created for purposes other than litigation, these documents are nonetheless entitled to work product protection because the documents served a dual purpose. That argument is not well-taken. In circumstances where a document serves a dual purpose, the Ninth Circuit has applied a "because of" test to determine whether the work product doctrine applies. Under this test, a document is entitled to work product protection only where "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt. (Torf)*, 357 F.3d 900, 907 (9th Cir. 2004). In applying this test, the court must consider the totality of the circumstances and determine whether "the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation." *Id.*

In reviewing the privilege log provided by defendants, it appears that many of the documents withheld were not generated primarily for use in the present litigation and would have been created regardless of whether or not this litigation had transpired. The fact that such documents may mention subjects that were eventually referred to in the litigation does not automatically transform such documents into work product, particularly where they are generated in the ordinary course of business. *Interstate Prod. Credit Assn*, 128 F.R.D. at 280; *see also Richey, supra*, at 567-68 (holding that property appraisal work file was not prepared entirely in anticipation of litigation and therefore

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

was not protected under the work product doctrine).

Many of the entries in defendants' privilege log do not contain any reference to counsel, to this particular case, or to any legal advice. As such, defendants have failed to satisfy their burden of establishing that the documents at issue are subject to the work product doctrine. *Anderson v. Equifax Information Services, LLC*, 2007 WL 2412249, at *2 (D. Or. 2007).

**2.      Plaintiffs are entitled to discover the identity of the employees involved in the removal of equipment and examine them under oath.**

Plaintiffs are entitled to discover the identity of the persons involved in the removal of their equipment on March 27, 2009. Fed. R. Civ. P  26(b)(1). Despite repeated formal and informal requests, defendants have failed to identify the particular persons involved in these events. Plaintiffs are further entitled to examine these persons under oath pursuant to Fed. R. Civ. P. 30(a).

Defendants have, however, failed to cooperate in identifying and locating the employees that were involved in the events of March 27, 2009. Accordingly, plaintiffs now seek an order from this Court requiring defendants to identify the persons involved and make them available for testimony under oath.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**GREENE & MARKLEY, P.C.**
**1515 S.W. Fifth Avenue, Suite 600**
**Portland, OR 97201**
**Telephone: (503) 295-2668**
**Facsimile: (503) 224-8434**

CONCLUSION

For the foregoing reasons, Plaintiffs Field Turf Builders, LLC and Mark Ryan respectfully request that the Court grant their motion and order FieldTurf USA to produce the requested documents, identify the persons involved in the removal of equipment on March 27, 2009, and make those persons available for depositions.

DATED this 14th day of June, 2011.

GREENE & MARKLEY, P.C.

By  /s/ Sean C. Currie
     S. Ward Greene, OSB #77413
     Charles R. Markley, OSB #75240
     Sean C. Currie, OSB #08297
     Telephone:  (503) 295-2668
     Attorneys for Plaintiffs and Counterclaim-
     Defendants

\6710\pleadings\P Memo in Support of Motion to Compel.wpd

Page 8 -    **MEMORANDUM IN SUPPORT OF PLAINTIFFS'/COUNTERCLAIM-DEFENDANTS'
            MOTION TO COMPEL PRODUCTION**

CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, true and correct copies of
**MEMORANDUM IN SUPPORT OF PLAINTIFFS'/COUNTERCLAIM-
DEFENDANTS' MOTION TO COMPEL PRODUCTION** were served by **electronic
notice** through the U.S. District Court's ECF system upon the following:

Jeffrey M. Edelson, Esq.
Stacy Owen, Esq.
Markowitz Herbold, et al.
1211 SW 5th Avenue, Suite 3000
Portland, OR 97204
Email: jeffedelson@mhgm.com

     DATED this 14th day of June, 2011.

                     /s/ Sean C. Currie
                     Sean C. Currie, OSB #08297
                     Attorneys for Plaintiffs and Counterclaim-
                     Defendants

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434