IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FIELD TURF BUILDERS, LLC, an Oregon limited liability company; MARK RYAN, | No. 03:09-CV-671-HZ  OPINION & ORDER |
| Plaintiffs, | |
| v. | |
| FIELDTURF USA, INC., a Florida corporation; FIELDTURF TARKETT USA HOLDINGS, INC., a foreign corporation; JOE FIELDS; MICHAEL MCNEIL, | |
| Defendants. | |
| FIELDTURF USA, INC., a Florida corporation, | |
| Counterclaim-Plaintiff, | |

1 - OPINION & ORDER

v.

CRYSTAL RYAN, BOECKMAN
PROPERTIES, LLC, an Oregon limited
liability company, and GULF PACIFIC CO.,
an Oregon corporation,

      Additional Counterclaim-Defendants.

S. Ward Greene
Charles R. Markley
Sean C. Currie
Greene & Markley, PC
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201

      Attorneys for Plaintiffs

Jeffrey M Edelson
Stacy Owen
Markowitz Herbold Glade & Mehlhaf, PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204

      Attorneys for Defendants

HERNANDEZ, District Judge:

      Plaintiffs move for leave to file an amended complaint to revise its breach of fiduciary duty claim and add a new claim for quasi-contract. I deny the motion.

## BACKGROUND

      This case has been pending for two and a half years, since June 16, 2009. Discovery closed on June 15, 2011, but was briefly reopened for a limited matter until August 19th. Both parties filed dispositive motions on June 17th. Plaintiffs indicated in their dispositive motion briefs that they intended to file a motion for leave to amend the complaint with respect to their intentional interference with business relationships and trespass claims. Pls.' Resp. to Defs.'

Mot. for Summ. J., 14 (Dkt. #84); Pls.' Reply in Supp. of Mot. for Partial Summ. J., 5 (Dkt. #97). Rulings issued on both parties' motions on October 14th, in which several of plaintiffs' claims were dismissed. Oct. 14, 2011 Opinion & Order (Dkt. #107). On October 21st, plaintiffs filed this present motion in order to amend their dismissed breach of fiduciary duty claim and to add a new claim for quasi-contract.

## STANDARDS

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." The court should apply the rule's "policy of favoring amendments with extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotation omitted); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). The district court may deny leave to amend if the amendment "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006). Prejudice to the opposing party is given greater weight in the analysis. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Delay, by itself, will not justify denying leave to amend. DCD Programs, 833 F.2d at 186. The timing of the motion to amend following discovery and with a pending summary judgment motion, weighs heavily against allowing leave. Schlacter-Jones v. General Telephone, 936 F.2d 435, 443 (9th Cir. 1991).

## DISCUSSION

Plaintiffs assert that, if allowed to amend the complaint, no new discovery would be needed and defendants would not be prejudiced. Pls.' Reply in Supp. of Mot. for Leave to Am.

3 - OPINION & ORDER

Compl., 2-3.  Discovery would not be needed because "the new allegations introduce no issues beyond the scope of plaintiffs' original complaint".  Pls.' Memo. in Supp. of Mot. for Leave to File Am. Compl. ("Mot. to Amend"), 2.  Plaintiffs offer no genuine reason for their delay in bringing this motion after summary judgment rulings have issued.

Defendants argue that they would be prejudiced because discovery regarding the new and amended claims would be precluded.  Defs.' Resp. in Opp. to Mot. to Amend, 6.  In the proposed amended complaint, plaintiffs allege that defendants received "substantial benefits" in the form of "employees, trade knowledge, equipment, supplies, use of Plaintiffs' facility, records. and other tangible and intangible assets." Mot. to Amend, Ex. 1 at ¶62.  Defendants contend that discovery is needed to determine the extent and value of these "substantial benefits".  Defs.' Resp., 6.  With trial scheduled to begin next month on January 23rd, the trial would necessarily be reset for a later date to accommodate additional discovery and another round of dispositive motions.  Id.  Defendants also argue that the motion was brought in bad faith given the timing of the motion after dispositive motion rulings and the lack of explanation for delay in bringing the motion.  Id. at 7.

The timing of this motion for leave to amend the complaint is particularly poor, given that discovery has closed and dispositive motion rulings have already issued.  If pending dispositive motions weigh heavily against allowing leave to amend, Schlacter-Jones, 936 F.2d at 443, then situations in which dispositive motion rulings have issued should bear even greater weight against allowing leave to amend.  Plaintiffs have had ample opportunity to amend the complaint in the two and a half years that this case has been pending.  They indicated as much months before summary judgment rulings had issued.  It is clear that plaintiffs attempt to revive their

4 - OPINION & ORDER

dismissed breach of fiduciary contract and breach of contract claims.  At this stage of the case, plaintiffs cannot move the target and expect defendants (or this Court) to begin the process anew. Defendants would be prejudiced if they are expected to defend against new claims and allegations without additional discovery.  Yet, re-opening discovery would cause undue delay in this case, as trial is scheduled to begin next month.  Leave to amend is not appropriate for all of these reasons.

## CONCLUSION

Based on the foregoing, I deny plaintiffs' motion for leave to file an amended complaint [#109].

IT IS SO ORDERED.

Dated this 16th day of December, 2011.

/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge