IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

FIELD TURF BUILDERS, LLC, an
Oregon limited liability company; MARK
RYAN,

      Plaintiffs,

  v.

FIELDTURF USA, INC., a Florida
corporation; FIELDTURF TARKETT USA
HOLDINGS, INC., a foreign corporation;
JOE FIELDS; MICHAEL MCNEIL,

      Defendants.

No. 03:09-CV-671-HZ

OPINION & ORDER

FIELDTURF USA, INC., a Florida
corporation,

      Counterclaim-Plaintiff,

1 - OPINION & ORDER

      v.

CRYSTAL RYAN, BOECKMAN
PROPERTIES, LLC, an Oregon limited
liability company, and GULF PACIFIC CO.,
an Oregon corporation,

      Additional Counterclaim-Defendants.

S. Ward Greene
Charles R. Markley
Sean C. Currie
Greene & Markley, PC
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201

      Attorneys for Plaintiffs

Jeffrey M Edelson
Stacy Owen
Markowitz Herbold Glade & Mehlhaf, PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204

      Attorneys for Defendants

HERNANDEZ, District Judge:

      Both plaintiffs and defendants move for reconsideration of this Court's October 14, 2011 order, in which I issued rulings on the parties' dispositive motions. I deny both motions.

## BACKGROUND

      Rulings on both parties' motions for summary judgment issued on October 14th. Oct. 14, 2011 Opinion & Order ("10/14/11 Order") (Dkt. #107). On October 21st, plaintiffs filed a motion for reconsideration of its dismissed breach of contract claim. Pls.' Memo. in Supp. of Mot. for Recons. ("FTB Mot. for Recons.") (Dkt. #115). The breach of contract claim is based on the allegation that defendants agreed to purchase Field Turf Builders for $2,150,000. Compl.

¶58.  This claim was pled as an alternative to claims three, four, five, and six.  Id.  Of these four claims, only claim three (fraud/misrepresentation) was not dismissed in the October 14th order. 10/14/11 Order (Dkt. #107).

On November 16th, defendants also filed a motion for reconsideration of the same October 14th order.  Defendants assert that plaintiffs' claim three for fraud/misrepresentation should have been dismissed.  Def.'s Memo. in Supp. of Mot. for Recons. ("FTUSA Mot. for Recons.") (Dkt. #122).  Plaintiffs' fraud claim involve allegations that defendants misrepresented their intention to purchase Field Turf Builders.  Compl. ¶¶31-34.

## STANDARDS

A party may seek reconsideration of a ruling on a summary judgment motion under either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b).  The district court generally applies the same analysis under both rules, and its decision is reviewed for abuse of discretion.  See Fidelity Federal Bank, F.S.B. v. Durga Ma Corp., 387 F.3d 1021, 1023 (9th Cir. 2004) (discussing Rule 60(b)); Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir. 1991) (discussing Rule 59(e)). Three major grounds justify reconsideration: "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law."  School Dist. No. 1J v. AC&S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).  Reconsideration is the exception; as the Ninth Circuit has observed, reconsideration is warranted only by these and "[o]ther, highly unusual, circumstances."  Id.

Rule 60(b) allows a court to correct a final judgment where the judgment was based on mistake, inadvertence, surprise, or excusable neglect.  Fed. R. Civ. P. 60(b)(1).  However, the

parties are limited to the arguments previously made and addressed by the court. A motion for reconsideration "should not merely present arguments previously raised, or which could have been raised in the initial . . . motion." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1130 (E.D. Cal. 2001) (citing Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985)). The decision to correct a judgment for mistake or inadvertence, whether made by a party or the court, rests in the discretion of the trial court. Fidelity Fed. Bank, F.S.B., 387 F.3d at 1024.

## DISCUSSION

Plaintiffs argue that its breach of contract claim should not have been dismissed. In the October 14th order, I ruled that a contract existed, but that defendants were not obligated to perform because approval by the board of directors, a condition precedent, never occurred. 10/14/11 Order, 16. Plaintiffs believe that this ruling was an error of law because defendants did not present evidence that they sought board approval. FTB Mot. to Recons., 2-3. Defendants counter that board of approval was just one condition precedent, and that several due diligence items needed to be completed. Defs.' Opp. to FTB Mot. to Recons. ("FTUSA Opp."), 4. Completing the due diligence items occurred in preparation for board approval. Def.'s Memo. in Supp. of Mot. for Summ. J., 37 ("FTUSA worked diligently to finalize the potential deal. Mr. Fields gathered information regarding [FTB] in order to meet with his boss . . . and eventually the *Tarkett Group board of directors*.") (emphasis added). In defendants' summary judgment briefs, there is ample evidence that defendants sought to complete due diligence so that board approval could be obtained. Id. at 37-38. Plaintiffs have not raised any grounds to justify reconsideration of the dismissed breach of contract claim.

In defendants' motion for reconsideration, they argue that plaintiffs'

fraud/misrepresentation claim should have been dismissed. FTUSA's Mot. for Recons., 2. Defendants argue that (1) the fraud claim is based on a nonmaterial element of the contract, (2) the alleged misrepresentation was not directed to plaintiffs, and (3) plaintiffs did not present evidence of reliance on the statement. Id. In the October 14th order, I drew reasonable inferences in favor of plaintiff, the non-moving party, that statements related to the lease of the Field Turf Builder's location (the Boeckman facility) could show that defendants did not intend to complete the purchase of Field Turf Builders. 10/14/11 Order, 8-9. As to the first argument, defendants re-hash an issue that has already been briefed in their dispositive motion memoranda. I do not see a basis to alter my ruling based on the facts as presented. As to defendants' second and third arguments, defendants do not present the court with newly discovered evidence or case law; nor do they allege clear error or mistake. Furthermore, as stated earlier, a motion to reconsider is not the proper vehicle to raise new arguments that could have been previously presented in the original dispositive motion.

## CONCLUSION

Based on the foregoing, I deny plaintiffs' motion for reconsideration [#115] and defendants' motion for reconsideration [#122].

IT IS SO ORDERED.

Dated this   16th   day of December, 2011.

/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge